IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RACHEL LONG,<br><br>      Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:22-cv-00077-DN<br><br>District Judge David Nuffer |

After this case was remanded to allow the Commissioner to consider the impact of a particular medical opinion,[1] Plaintiff Rachel Long ("Long") filed a Motion for Attorney Fees ("Fee Motion").[2] The government filed an opposition[3] and Long filed a reply.[4] The Report and Recommendation[5] issued by United States Magistrate Judge Paul Kohler on October 15, 2024, recommends that the Fee Motion be denied. Long filed Plaintiff's Objections to Report and Recommendation ("Objection").[6]

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the

---

[1] Judgment, docket no. 27, filed December 12, 2023; Memorandum Decision and Order Adopting Report and Recommendation, docket no. 26, filed December 12, 2023; Report and Recommendation, docket no. 24, filed July 14, 2023.

[2] Docket no. 28, filed January 3, 2024.

[3] Defendant's Response to Plaintiff's Petition and Memorandum for EAJA Attorney Fees ("Opposition"), docket no. 29, filed January 17, 2024.

[4] Declaration in Response ("Reply"), docket no. 30, filed January 22, 2024.

[5] Docket no. 33, filed October 15, 2024.

[6] Docket no. 34, filed October 16, 2024.

Magistrate Judge and the reasoning set forth in the Report and Recommendation.[7] As explained below, because the government's position was substantially justified, the Report and Recommendation is ADOPTED and the Fee Motion is DENIED.

## LEGAL STANDARDS

The Equal Access to Justice Act ("EAJA") "provides for an award of attorney's fees and costs to a financially eligible prevailing party in a civil action brought against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust."[8] "A position is substantially justified if it has 'a reasonable basis in both law and fact.'"[9] This means that a position is "justified to a degree that could satisfy a reasonable person."[10] "The government is more likely to meet this standard when the legal principle on which it relied is unclear or in flux."[11] "The government's position can be justified even though it is not correct."[12] "Whether the Commissioner was correct and whether the Commissioner's position was reasonable are separate questions."[13]

Determination of whether a position is substantially justified is based on the "totality of the circumstances, as reflected in the record before the court."[14] Courts look at the justification for the positions in the case as a whole, "rather than atomized line-items."[15] "The government

---

[7] 28 U.S.C. § 636(b).

[8] *Arostegui-Maldonado v. Garland*, No. 22-9554, 2024 WL 5114134, at *1 (10th Cir. Feb. 15, 2024); 28 U.S.C.A. § 2412.

[9] *Fletcher v. United States*, 801 F. App'x 640, 644 (10th Cir. 2020) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[10] *Pierce*, 487 U.S. at 553.

[11] *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (citation and internal quotations omitted).

[12] *Lopez v. Berryhill*, 690 F. App'x 613, 614 (10th Cir. 2017).

[13] *Id.*

[14] *Fletcher*, 801 F. App'x at 644 (quoting *United States v. Charles Gyurman Land & Cattle Co.*, 836 F.2d 480, 485 (10th Cir. 1987)).

[15] *Id.* at 644.

bears the burden of proof to show its position was substantially justified."[16] "A position taken by the ALJ or government that 'contravene[s] longstanding agency regulations, as well as judicial precedent,' is not substantially justified."[17]

In evaluating a disability claim, it is well established in the Tenth Circuit that "finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can *hold* whatever job he finds for a significant period of time."[18] Additionally, Social Security Ruling 96-8P provides that the "RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[19] Cases in this circuit have repeatedly emphasized the need of the ALJ to explain why conflicting medical opinions are not adopted.[20] The "ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."[21]

---

[16] *Id.*

[17] *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) (quoting *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009)).

[18] *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) (internal citation and quotation omitted)(emphasis in original).

[19] SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996).

[20] *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996) (explaining that "[t]he ALJ also erred in evaluating plaintiff's mental RFC" in part because "ALJ's conclusions as to plaintiff's abilities differed dramatically from [the doctor's] conclusions; a difference which the ALJ did not explain."); *Pryce-Dawes v. Barnhart*, 166 F. App'x 348, 351 (10th Cir. 2006) (unpublished) (explaining that "the ALJ did not explain that, so we are left with a decision that appears to ignore probative VE testimony. . . . where the VE's testimony . . . casts significant doubt on Ms. Pryce–Dawes' ability to hold on to a job."); *Weigel v. Astrue*, 425 F. App'x 706, 709 (10th Cir. 2011) (noting "the ALJ did not consider [doctor's] report that [plaintiff's] 'ability to complete most tasks appropriately and within a timely manner was likely compromised by difficulties sustaining attention.'").

[21] *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).

Social Security regulations provide that a "medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" related to abilities listed in the regulations.[22] Examples of abilities appropriate for medical opinions include the "ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting."[23] However, "statements by a medical source reflecting judgments about the nature and severity of a claimant's impairments and her prognoses are not considered medical opinions."[24] And "[s]tatements on issues reserved to the Commissioner, including on the ultimate issue of whether the claimant is or is not disabled or able to work, are evidence that is neither valuable nor persuasive, and the ALJ is not required to provide any analysis about how he considered such evidence in his determination or decision."[25]

What constitutes a medical opinion that requires analysis by the ALJ in the RFC assessment is not always clear. Some case law arguably requires analysis of statements that address ultimate issues as medical opinions. For example, the Tenth Circuit in *Zeff v. Shalala*[26] "f[ound] troubling" the ALJ's handling of the report of a "psychologist who examined the plaintiff" and "administered a battery of tests."[27] The *Zeff* psychologist's report concluded that "while plaintiff's psychological and/or psychiatric condition would not appear to be so severe that it would preclude her from performing job duties, I doubt that she would perform in a

---

[22] 20 C.F.R. § 404.1513.

[23] 20 C.F.R. § 404.1513.

[24] *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023) (internal quotation marks omitted).

[25] *Id.* at 905-06 (cleaned up).

[26] *Zeff v. Shalala*, 45 F.3d 441 (10th Cir. 1994) (unpublished table decision).

[27] *Id.* at *3.

manner that would be acceptable."[28] The circuit court noted that "the ALJ's opinion reflects that he relied fairly heavily on [the psychologist's] report in determining the severity of plaintiff's mental impairments. The opinion does not reflect, however, that the ALJ adequately considered [the psychologist's] comments on plaintiff's ability to perform job duties in an acceptable manner."[29] The *Zeff* court remanded with directions for further evaluation.[30]

In *Borgsmiller v. Astrue*,[31] the Tenth Circuit reasoned that even though a doctor's opinion that plaintiff "is unable to work during her flares of severe pain . . . is an opinion on the ultimate issue of disability, which is a matter reserved to the Commissioner . . . the ALJ gave the opinion great weight and thus accepted that [plaintiff] cannot work during her flares of severe pain. . . . But the ALJ omitted this limitation in her RFC assessment. As a result, the ALJ's RFC assessment contradicts her own determination that [plaintiff] is unable to work during flares of severe pain."[32]

In contrast, in *Staheli v. Comm'r, SSA*,[33] the Tenth Circuit explained that the following psychologist's prognosis was not a medical opinion that required evaluation: "prognosis for completing on-the-job training and maintaining full-time, gainful employment is fair to good as long as the job tasks are within her ability level, she receives adequate supervision/training/accommodations, and she is provided sufficient time to perform her tasks."[34] The Tenth Circuit found that the statements were not medical opinions "to the extent

---

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] 499 F. App'x 812, 820 (10th Cir. 2012).

[32] *Id.* (cleaned up).

[33] 84 F.4th 901, 906 (10th Cir. 2023).

[34] *Id.* at 906.

they addressed the ultimate issue of disability" and because "they did not provide evidence concerning [the claimants] ability to perform the specific demands of work activities."[35] Accordingly, the ALJ was not required to evaluate the statements as a medical opinion.[36]

## ANALYSIS

Long's underlying challenge to the denial of social security disability benefits was limited and focused on the ALJ's treatment of the opinions of Dr. Hatch.[37] Specifically, Long argued that the while the ALJ found Dr. Hatch's opinions persuasive, the ALJ failed to address Hatch's opinion that Long's "intellectual and psychiatric impairments would make it challenging for her to find and maintain employment" ("Hatch Statement") in the RFC determination.[38] The Report and Recommendation reasoned that "despite finding Dr. Hatch's opinions persuasive, the ALJ failed to include any limitations in the RFC concerning Plaintiff's ability to obtain and maintain employment."[39] Based on the ALJ's failure to fully address Hatch's opinions, the Report and Recommendation was adopted and this matter was reversed and remanded for further administrative proceedings.[40]

Plaintiff then filed the Fee Motion. The Magistrate Judge recommended the Fee Motion be denied because although "the ALJ's RFC analysis was lacking, it was not so deficient that the Commissioner's position here was unreasonable."[41] Long filed an Objection.

---

[35] *Id*. at 906-07.

[36] *Id.* at 906.

[37] Plaintiff's Brief at 4, 7-10, docket no. 14-2, filed March 3, 2023.

[38] *Id.*

[39] Report and Recommendation at 6, docket no. 24, filed July 14, 2023.

[40] Judgment, docket no. 27, filed December 12, 2023; Memorandum Decision and Order Adopting Report and Recommendation, docket no. 26, filed December 12, 2023; Report and Recommendation, docket no. 24, filed July 14, 2023.

[41] Report and Recommendation at 4, docket no. 33, filed October 16, 2024.

Long's Objection again centers on the opinion of Dr. Hatch. Long argues that "Hatch opined that the plaintiff would have difficulty finding and maintaining employment. The ALJ found this opinion persuasive, well supported, and not inconsistent with the other medical evidence. . . . But the ALJ did not explain how he accounted for this opinion and determined plaintiffs RFC."[42] Long further argues that there is sufficient circuit guidance that clearly required remand to make the denial of benefits and the defense in this action unreasonable.[43] The government opposed the Fee Motion and argued that "the ALJ was not required to discuss [the Hatch Statement] because he believed it concerned an issue reserved to the Commissioner."[44]

The ALJ's denial decision explains that

> The psychological consultative examiner [Dr. Hatch's] opinions that the claimant's "***intellectual and psychiatric impairments would make it challenging for her to find and maintain employment***" and would likely have "significant difficulty temporarily storing and managing the information required to carry out complex cognitive tasks such as learning, reasoning, and comprehension" as well as have "some difficulty with the ability to focus attention and quickly scan, discriminate between, and sequentially order visual information" are persuasive.[45]

Beyond finding the Hatch Statement persuasive, the ALJ's decision noted that Dr. Hatch's opinions were "well supported by the mental status exam and the claimant's performance on the formal intellectual and academic achievement tests and is not inconsistent with the other medical evidence."[46] However, the ALJ did not address the Hatch Statement or provide any limitations in the RFC specific to the Hatch Statement.[47] Because the ALJ points to

---

[42] Objection at 4.

[43] Objection at 4.

[44] Defendant's Response to Plaintiff's Petition and Memorandum for EAJA Attorney Fees, docket no. 29, filed January 17, 2024

[45] R. at 33, docket no. 11-2 at 34, filed February 9, 2023.

[46] *Id.*

[47] R. at 30-34, docket no. 11-2 at 31-35, filed February 9, 2023.

7

the Hatch Statement as persuasive and well supported, the ALJ functionally adopts Hatch's prognosis; but, the ALJ never addresses the Hatch Statement in the RFC assessment or notes any specific limitations connected to the Hatch Statement. Because the Hatch Statement casts doubt on Long's ability to work, it is inconsistent with the ALJ's ultimate RFC determination. This internal inconsistency in the ALJ's decision created a deficiency that required remand.

While the ALJ's decision was not correct and required remand, it was substantially justified because it was "justified to a degree that could satisfy a reasonable person."[48] The ALJ discussed at length Long's mental impairments, including Dr. Hatch's testing which "demonstrated Borderline to Extremely Low functioning on formal intellectual and academic testing" but also noted that Long was "able to concentrate well enough to meaningfully participate in those tests."[49] The ALJ also cited Long's self-reported ability to live alone, and mental status exams noting "neutral mood and affect, logical thought processes, adequate attention, and grossly intact recent and remote memory."[50] And the ALJ mentioned the Hatch Statement and other opinions of Hatch and explained that the RFC was based on that discussion.[51] Despite the internal consistency noted, the ALJ decision was otherwise reasonably thorough.

Additionally, the Hatch Statement that Long's "intellectual and psychiatric impairments would make it challenging for her to find and maintain employment" arguably addresses the ultimate issue of disability and arguably does not "provide evidence concerning [Long's] ability

---

[48] *Pierce*, 487 U.S. at 553.

[49] R. at 28, docket no. 11-2 at 29, filed February 9, 2023 (citing to Dr. Hatch report).

[50] R. at 28, docket no. 11-2 at 29, filed February 9, 2023 (citing to Dr. Hatch report).

[51] R. at 33, docket no. 11-2 at 34, filed February 9, 2023.

to perform the specific demands of work activities."[52] It could reasonably be argued that the statement was not a medical opinion. As described above, while case law and the regulations require medical opinions to be discussed in the RFC assessment, the case law is not clear that the Hatch Statement is a medical opinion.[53] Substantially justified means "justified to a degree that could satisfy a reasonable person."[54] The ALJ's decision not to address the Hatch Statement in the RFC and the government's defense of that position was justified as could satisfy a reasonable person.

The analysis and conclusion of the Magistrate Judge are not "clearly erroneous or . . . contrary to law."[55] Therefore, the analysis and conclusion of the Magistrate Judge are accepted and supplemented with the analysis in this decision and the Report and Recommendation[56] is ADOPTED.

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[57] is ADOPTED and the Fee Motion[58] is DENIED.

Signed March 28, 2025.

BY THE COURT

_____
District Judge David Nuffer

---

[52] *See Staheli*, 499 F. App'x at 906-07.

[53] *See supra* at 4-6 including the discussions of the *Zeff*, *Borgsmiller*, and *Staheli* cases.

[54] *Pierce*, 487 U.S. at 553.

[55] Fed. R. Civ. P. 72(a).

[56] *Lopez v. Berryhill*, 690 F. App'x 613, 614 (10th Cir. 2017).

[57] Docket no. 33, filed October 15, 2024.

[58] Docket no. 28, filed January 3, 2024.